UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEITH GILBERT, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:14-cv-652 |
| § | |
| BAKER HUGHES INCORPORATED, § | |
| § | |
| *Defendant*. § | |

## Memorandum and Order

Keith Gilbert ("Plaintiff") originally brought this case in Texas state court against Defendant Baker Hughes Incorporated ("Defendant"). Plaintiff asserts a breach of contract claim and a fraudulent inducement claim. Defendant removed the case to federal court, claiming federal question jurisdiction on the basis of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Pending before this Court is Plaintiff's Motion to Remand (Doc. No. 5)[1] and Defendant's Motion to Dismiss (Doc. No. 7). Having considered the parties' pleadings, arguments, and the applicable law, the Court finds that Plaintiff's motion must be **GRANTED**, and Defendant's motion must be **TERMINATED** for lack of subject matter jurisdiction.

### I. BACKGROUND AND REMOVAL

Plaintiff filed a lawsuit against Defendant in the 125th Judicial District of Harris County, Texas on February 20, 2014. Doc. No. 1-3. Plaintiff alleges that Defendant materially breached its contract with Plaintiff by failing to comply with promises made regarding the nature of Plaintiff's severance package, and failing to offer a severance package that was calculated based

---

[1] All docket references are to Civil Action No. 4:14-CV-652.

1

on Plaintiff's total years of employment with Defendant. *Id.* at ¶¶ 11-17. Plaintiff also alleges that Defendant's employee, Mark Freeman, knowingly misrepresented the manner in which the severance package would be calculated in order to induce Plaintiff to enter into an employment contract with Defendant. *Id.* at ¶¶ 18-23. Plaintiff sues for damages under state law.

On March 14, 2014, Defendant removed this action from Texas state court to the Southern District of Texas, Houston Division. Doc. No. 1. Defendant claimed removal was justified because "ERISA provides the exclusive remedy to recover benefits under an employee welfare benefit plan . . ." *Id.* at ¶ 3.

## II.   PLAINTIFF'S MOTION TO REMAND

Plaintiff moves for remand to Texas state court. Doc. No. 21. Plaintiff believes that this Court lacks subject matter jurisdiction over this matter because his common-law claims are not completely preempted by ERISA. *Id.* Further, Plaintiff argues that he could not have brought his claims under ERISA, and that "other independent legal duties were implicated by Defendant's actions." *Id.* at 2.

Defendant argues that Plaintiff's claims are completely preempted by ERISA because his petition only "seeks benefits that would be available under the company's ERISA-governed severance pay program ["the Plan]."[2] Doc. No. 20 at 1. Defendant disagrees that other legal duties serve as the basis for Plaintiff's claims. *Id.* at 4. Its position is that the common-law claims are completely preempted under ERISA and, accordingly, this Court has subject matter jurisdiction over the matter.

---

[2] Since neither party disputes that Defendant's plan is regulated by ERISA, the Court concludes that the plan is an ERISA employee benefit plan. *See Meyers v. Tex Health Res.*, 3:09-CV-1402-D, 2009 WL 3756323, at *3 (N.D. Tex. 2009) ("[W]here there is no genuine dispute regarding ERISA's applicability, courts need not perform an in-depth analysis . . . but can recognize that ERISA applies to the relevant plan.").

After a hearing on Plaintiff's Motion to Remand, the Court ordered both parties to present additional briefing on the preemption issue because they failed to adequately distinguish between the two types of ERISA preemption. Both parties timely submitted supplemental briefing.

### III.     LEGAL STANDARD

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." 28 U.S.C. § 1441(a). The plaintiff in a removed action may challenge the assertion of federal jurisdiction through a motion to remand. Although a motion to remand is brought by the plaintiff, the removing defendant carries the burden of showing that removal was proper and that the federal court has jurisdiction over the action. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). Federal removal jurisdiction is to be narrowly construed, with all ambiguities resolved against the existence of jurisdiction and in favor of remand. *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

### IV.     ANALYSIS

The Plaintiff does not seek relief under ERISA, nor does ERISA appear on the face of its Complaint. Under the well-pleaded complaint rule, this typically would be sufficient to avoid federal jurisdiction.[3] There is an exception to the well-pleaded complaint rule, however, if Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc) (internal citation and quotations omitted). "Complete

---

[3] The well-pleaded complaint rule allows a plaintiff to avoid removal to federal court by crafting its complaint to seek relief only under state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

preemption permits removal to federal court because the cause of action arises under federal law." *Young v. Prudential Ins. Co. of Am.*, No. H-07-612, 2007 WL 1234929, at *3 (S.D. Tex. April 24, 2007). By contrast, conflict preemption does not permit removal; rather, it is a defense to a state court action. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) ("[W]hen a complaint raises state causes of action that are completely preempted, the district court may exercise removal jurisdiction. When a complaint contains only state causes of action that the defendant argues are merely conflict-preempted, the court must remand for want of subject matter jurisdiction."). Thus, if his common-law claims are completely preempted, Plaintiff's Complaint may be removable under ERISA even though it does not contain a federal claim for relief or reference a question of federal law on its face.

### A. This Court Must Find that Plaintiff's Claims Are Completely Preempted in Order to Exercise Subject Matter Jurisdiction

ERISA contains two preemption provisions: section 514(a)[4], ERISA's expansive preemption provision, and section 502(a), the provision that may apply when section 514(a) is inapplicable. *See Woods v. Tex. Aggregates, L.L.C.*, 459 F.3d 600, 602-03 (5th Cir. 2006); 29 U.S.C. §§ 1132(a), 1144(a). These provisions "are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (internal quotation marks omitted). Section 502(a) is a statute that completely preempts state law, *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009), while section 514(a) is merely a conflict preemption provision. *Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co.*, No. Civ. A. H-05-1234, 2005 WL 1562417, at *7 (S.D. Tex. June 30, 2005). Complete preemption under section 502 can support removal

---

[4] Section 514(a) states, in relevant part, "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a)

4

jurisdiction, but conflict preemption only provides a federal defense to a state law claim. *Giles*, 172 F.3d at 337. Thus, in order to show removal was proper, Defendant must demonstrate that Plaintiff's common-law claims are subject to complete preemption under section 502.

Section 502(a) states, in relevant part, "a civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). In *Aetna Health Inc. v. Davila*, the United States Supreme Court created a two-part test for determining whether a claim is completely preempted by ERISA. 542 U.S. 200 (2004). The Court stated that

> if an individual, at some point, could have brought his claim under ERISA § 502(a)(1)(B), and . . . there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Id.* at 210. Additionally, the Court noted that "any state-law cause of action that duplicates, supplements, or supplants ERISA's civil enforcement remedy . . . [is] pre-empted." *Id.* at 209. Thus, "when an ERISA plan participant has sued to assert his plan rights, ERISA preemption applies." *Ne. Hosp. Auth. v. Aetna Health Inc.*, No. H-07-2511, 2007 WL 3036835, at *9 (S.D. Tex. 2007).

Courts in this circuit have also occasionally used the section 514(a) "relate to" standard to guide their decisions on subject matter jurisdiction. *See Westfall v. Bevan*, 2009 WL 111577, at *5 n.3 (N.D. Tex. 2009). Under this standard, defendants asserting preemption must prove that (1) the claim "addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of the Plan," and (2) the claim "directly affects the relationship among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Patel v. Sea Nine Associates*, 2014 WL 11976882, slip op. at *5 (N.D. Tex. May

5

15, 2014). Although this standard is not dispositive to complete preemption under section 502, it provides helpful context to the inquiry.

Plaintiff has plead two common-law claims in his petition, fraudulent inducement and breach of contract. The Court must determine whether either claim falls within the scope of section 502.

### B. Plaintiff's Claim for Fraudulent Inducement is Not Completely Preempted by ERISA

Plaintiff's common-law claim for fraudulent inducement is not completely preempted by section 502 because it arises from an independent legal duty, and does not require a court to interpret or administer an ERISA plan. Plaintiff's claim centers on his allegation that Mr. Freeman promised him that any severance package amount "would be premised on all of [his] years of service rather than the period of service in his latest employment stint with the company." Doc. No. 1-3 at ¶ 8. Plaintiff alleges that he relied on this promise in his decision to leave his then-current position and return to Defendant's employ.

Plaintiff's claim for fraudulent inducement is not preempted under section 502 because it fails the second prong of the *Davila* test. *See Davila*, 542 U.S. at 210. Plaintiff's claim stems from common-law duties that prohibit misrepresentation and fraud, not from ERISA. *See Westfall*, 2009 WL 111577 at *5 ("The [fraudulent inducement] claims would exist with respect to any type of an investment—not just an ERISA plan—because they rest on independent statutory and common-law duties that proscribe misrepresentation in various forms."). These duties were not created by ERISA, and would exist independent of any employee benefits plan. As Plaintiff's claim implicates a separate legal duty, it is not completely preempted by ERISA.

Further, this claim and the conduct it is based upon do not implicate the terms or scope of an ERISA plan, or require a court to establish the recovery of benefits under the Plan. *Cf. Bank*

6

*of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 242-3 (5th Cir. 2006) ("These [detrimental reliance and misrepresentation] claims do not challenge any act or omission by [Defendant] in processing benefit claims or administering the Plan . . . ."); *Patel*, 2014 WL 11976882, at *6 ("All of this conduct occurred prior to the Plan's formation and does not implicate the administration, interpretation, or recovery of benefits of the Plan or relate to a violation of the Plan's terms."). The misrepresentation at issue did not concern the right to receive benefits under the Plan, but rather the date from which employment would be counted for purposes of disbursement. At its core, Plaintiff's petition alleges that Defendant fraudulently induced him into returning to a position with his old employer; the misrepresentation about the start date was merely the way it did so. A court need not wade into the intricacies of ERISA or of Defendant's Plan to determine whether Plaintiff was fraudulently induced into accepting a job. A court need only assess whether the Defendant's employee made a knowing misrepresentation about the start date of the severance benefits, with the intent to induce Plaintiff's employment, and whether Plaintiff relied on this misrepresentation in making his decision. This assessment is too remotely connected to ERISA to be considered "an area of exclusive federal concern." *See Patel*, 2014 WL 11976882, at *5.

### C. Plaintiff's Claim for Breach of Contract is Not Completely Preempted by ERISA

Plaintiff's breach of contract claim is not completely preempted under section 502 as it only implicates the length of employment for the purposes of calculating severance benefits, and "does not require any kind of benefit determination under the ERISA plan." *See Lone Star OB/GYN Assoc. v. Aetna Health Inc.*, 579 F.3d 525, 530 (5th Cir. 2009). In *Lone Star*, the Fifth Circuit examined a breach of contract claim brought by a medical provider against an ERISA plan administrator. The court held that a breach of contract claim that implicates the rate of

payment, rather than the right to payment under the terms of a benefit plan, is not preempted by ERISA. *Id*. In doing so, the court noted that the contract claim did not implicate coverage and benefit determinations, and the terms of the plan were not in dispute. *Id.* at 530-1. Although the contract and the plan referenced one another, the court explained that "mere reference to or consultation of an ERISA plan in order to determine a rate of pay" is insufficient for preemption. *Id.* at 532.

Plaintiff's contract with Defendant informed him that he was "eligible to participate in Company-sponsored benefit programs, including health and welfare programs . . . ." Doc. No. 1-3 at 10. This contract makes clear reference to Defendant's ERISA Plan, but includes no further details about the terms of the Plan. Defendant's ERISA Plan states, in relevant part,

> (a) **<u>Cash Benefits.</u>** The amount, if any, of cash severance benefits to be paid to a Participant will be determined by the management of his Company in its sole discretion. . . As a general guideline, a Participant who incurs a Termination of Employment may be eligible to receive cash severance benefits under the Plan in an amount equal to one Week of Pay for each complete Year of Service, plus an applicable pro-rated amount for any partial Year of Service, with a minimum of two Weeks of Pay and a maximum of twenty-six Weeks of Pay.

Doc. No. 6-1 at 4, 5. Thus, although the plan includes a "general guideline" for calculating severance benefits, it does not mandate the amount of benefits. Instead, it explicitly vests the power to calculate benefits in company management. Plaintiff alleges that Mr. Freeman exercised the discretion afforded to him under the Plan by promising that any calculation of Plaintiff's years of employment would include his previous stint with the company. In doing so, Plaintiff believes that Mr. Freeman modified the terms of the existing employment contract.

As in *Lone Star*, Plaintiff's breach of contract claim does not require a court to resolve disputes about the terms of Defendant's Plan. Instead, the focus of the inquiry will be on whether Mr. Freeman's statements modified the existing employment contract and bound Defendant to

the promised terms. As with the fraudulent inducement claim, the breach of contract claim arises from an independent legal duty—the contractual obligation that was allegedly created by Mr. Freeman's promises—and not from the ERISA Plan itself.

Finally, the fact that Plaintiff seeks benefits payable under Defendant's Plan does not necessarily establish preemption. Defendant argues that Plaintiff's claim is preempted because "the source of any severance benefits . . . is the company's severance pay program," and therefore the claim relates to an ERISA plan. Doc. No. 20 at 5. Defendant emphasizes that Plaintiff has not provided any formula for calculating severance benefits, other than the formula already contained in the existing ERISA Plan. *Id.*

Defendant's argument is inapposite for two reasons. First, although the "relate to" standard has been used to guide the complete preemption inquiry, it is not the dispositive test for determining preemption under section 502. Since Plaintiff's common-law claims both arise from independent legal duties, they cannot be completely preempted by ERISA. *See Davila,* 542 U.S. at 210. Second, Defendant's argument neglects the Fifth Circuit's reasoning in *Lone Star* which focused the preemption analysis on whether a claim disputes the right to payment or a benefit determination under the terms of a plan. The *Lone Star* court expressly rejected the argument that consultation of an ERISA plan alone is sufficient for preemption. *Lone Star*, 579 F.3d at 532. While it may be true that any calculation of Plaintiff's severance benefits will require consultation of the formula in Defendant's Plan, the terms of this Plan or its formula are not in dispute. Plaintiff's right to receive some amount of severance benefits under the plan is similarly undisputed. What is disputed is whether Mr. Freeman's alleged promises constituted a contract modification as to the number of years of employment. Under *Davila* and *Lone Star*, this claim arises from an independent legal duty, and is not completely preempted by section 502.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 5) is **GRANTED** and Defendant's Motion to Dismiss is **TERMINATED**.

**IT IS SO ORDERED**

**SIGNED** at Houston, Texas on this the 5th day of September, 2014

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE